IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MILAN SHUBERT,

      Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.

Civ. No. 04-915-AA

OPINION AND ORDER

---

Karen Stolzberg
4370 N.E. Halsey Street
Portland, OR 97213
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

Carol A. Hoch
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104
    Attorneys for defendant

AIKEN, Judge:

Plaintiff Milan Shubert brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's decision denying plaintiff's application for disability insurance benefits under Title II of the Act. For the reasons set forth below, the decision of the Commissioner is affirmed.

## BACKGROUND

On May 30, 2001, plaintiff applied for disability insurance benefits. Tr. 67-69. His application was denied initially and upon reconsideration. Tr. 27-33, 36-38. After plaintiff timely requested a hearing, plaintiff filed an application for Supplemental Security Income (SSI) benefits. Tr. 476. On August 20, 2003, plaintiff, his wife, a medical expert, and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 471-519. On August 30, 2003, the ALJ issued a decision finding that plaintiff not disabled as of December 31, 1999, his last date insured for purposes of disability insurance benefits, because he was able to perform his past relevant work. Tr. 20-26. However, the ALJ found that plaintiff was eligible for Supplemental Security Income benefits, because as of August 13, 2003, plaintiff

2   - OPINION AND ORDER

was unable to perform his past relevant work or other work. Tr. 25-26.¹ The Appeals Council denied plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner. Tr. 4-7. Plaintiff now seeks judicial review.

At the time of the ALJ's decision, plaintiff was thirty-nine old with a high school education and past relevant work as a warranty assessor, fairgrounds maintenance worker, survey technician, mail carrier, cashier clerk, sales clerk, tire repair clerk, and heavy equipment operator. Tr. 21, 24-25, 67, 78-79, 102-103. Plaintiff alleges disability since December 23, 1999, his last date of employment, due to severe Obsessive Compulsive Disorder (OCD), depression, and chronic neck pain. Tr. 77. Plaintiff is insured for disability benefits through December 31, 1999, meaning that plaintiff must establish disability as of this date to be eligible for disability benefits. Tr. 72; 42 U.S.C. § 416(I)(3).

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable

---

¹The parties do not contest the ALJ's findings with respect to plaintiff's eligibility for SSI benefits, and the court does not address it in this opinion.

3    - OPINION AND ORDER

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 21; 20 C.F.R. § 404.1520(b).

In step two, the ALJ found that plaintiff's OCD, depression, and back strain were "medically severe impairment[s] or combination

of impairments." Tr. 22; 20 C.F.R. § 404.1520(c). Accordingly, the inquiry moved to step three.

In step three, the ALJ did not find that plaintiff's impairment was "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity" or medically equivalent to any of the listed impairments. Tr. 22; 20 C.F.R. § 404.1520(d). Thus, the analysis proceeded to step four.

In step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform his "past relevant work" as of his last insured date. Tr. 23; 20 C.F.R. § 404.1520(e); Social Security Regulation (SSR) 96-8p.

In step five, the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy. 20 C.F.R. § 404.1520(f). The ALJ did not proceed to step five with respect to plaintiff's application for disability insurance benefits, finding that plaintiff could perform his past relevant work as of his date last insured. Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 24.

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed and remanded for payment of benefits, because the ALJ failed to give clear and convincing reasons for discrediting plaintiff's

subjective complaints, the testimony of plaintiff's wife, and the opinion of plaintiff's treating physician.

Despite the three errors alleged by plaintiff, the sole issue is whether the ALJ erred in finding that plaintiff was capable of performing his past relevant work as of December 31, 1999 - his date last insured - based on the fact that plaintiff worked as a warranty assessor until December 23, 1999, approximately one week prior. In arguing that the ALJ erred in so finding, plaintiff relies on plaintiff's testimony, his wife's testimony, and the opinion of his treating physician.

Plaintiff began treatment with a psychiatrist, Steven J. Kiel, M.D., in August of 1999. The ALJ recognized that Dr. Kiel opined (through a letter prepared by counsel) that plaintiff's "rituals were severe and quite interfering of his functioning" since plaintiff began treatment. Tr. 464. However, the ALJ found that Dr. Kiel's opinion was entitled to less weight with respect to the end of 1999, given that plaintiff maintained gainful employment during that time and was not terminated from his employment due to his impairments. Tr. 23. I find that the ALJ's finding is clear and convincing and supported by substantial evidence in the record. Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). Plaintiff testified that he was employed as a warranty assessor from April 1999 through December 23, 1999, and reported that he earned approximately $2300 per month. Tr. 79, 477. Further,

plaintiff and his wife both testified that his employment did not end because of his impairments; rather, the business ceased operating. Tr. 487. The fact that plaintiff was employed until December 23, 1999, and was not terminated because of his impairments gives ample basis to discredit Dr. Kiel's opinion with respect to that time period.[2]

For the same reasons, I find that the ALJ did not error in finding plaintiff only partially credible with respect to plaintiff's allegation of disability as of December 31, 1999. Plaintiff testified that he engaged in ritualistic behavior at his employment and that he was able to do so because he was unsupervised. However, the fact remains that plaintiff was able to maintain employment until December 23, 1999, and his employment terminated because the business closed. In addition to maintaining employment, no medical records support plaintiff's allegations that his impairments interfered with his ability to perform his work at that time. Tr. 209-27. Further medical records also indicate that plaintiff sought employment during 2000. Tr. 23, 191. The fact that plaintiff sought work after the alleged onset of disability does not bolster his credibility. Therefore, I find that the ALJ

---

[2]Plaintiff also argues that the ALJ erred in failing to consider the opinion of examining psychologist Jane Starbird, Ph.D. However, as defendant points out, Dr. Starbird examined plaintiff on September 6, 2001, over one year past his last insured date. Therefore, even if the ALJ erred, such error does not warrant reversal or remand.

provided clear and convincing reasons to partially discredit plaintiff's testimony, reasons that are supported by substantial evidence in the record. Smolen v. Chater, 80 F.3d 1273, 1281, 1284 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

While the ALJ did not address the testimony of plaintiff's wife, I do not find that this requires reversal. Plaintiff's wife testified that she thought plaintiff was able to maintain employment through December 1999, because no one supervised or inspected. However, plaintiff's wife would not have first-hand knowledge of these facts, and this testimony does not detract from the ALJ's findings. Thus, I find that the ALJ did not error in finding that plaintiff was able to perform his past relevant work as of December 31, 1999.

## CONCLUSION

The ALJ's finding that plaintiff was not disabled under the Act as of December 31, 1999, his date last insured, is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED and this case is dismissed.

IT IS SO ORDERED.

Dated this 28 day of May, 2005.

_____
Ann Aiken
United States District Judge